Travis Jordan, WSB # 7-5721
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Attorney for Proposed Intervenor-Defendant State of Wyoming*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WILDERNESS SOCIETY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, *et al.*, <br><br> Defendants. | Case No.: 1:22-cv-01871-CRC <br><br> **STATE OF WYOMING'S [PROPOSED] ANSWER** |

The State of Wyoming submits this proposed answer to Plaintiffs' complaint and asserts the State's affirmative defenses as follows:

1. Wyoming admits the allegations in the following: the first sentence of Paragraph 2; the first sentence of Paragraph 13; Paragraph 14; Paragraph 15; the first sentence of Paragraph 27; the third sentence of Paragraph 32; the first sentence of Paragraph 46; and the first sentence of Paragraph 48. Wyoming also admits the allegation in the first sentence of Paragraph 44 but denies Plaintiffs' characterization that the action was a response to purported "systemic flaws" in the in the federal oil and gas leasing program.

2. Wyoming denies the allegations in the following: Paragraphs 3 through 8; Paragraph 12; the first sentence of Paragraph 29; the first sentence of Paragraph 32; the first sentence of

  Paragraph 42; the fourth sentence of Paragraph 42; the first sentence of Paragraph 43; the first sentence of Paragraph 47; Paragraphs 49 through 55; Paragraphs 58 and 59; Paragraphs 62 and 63; Paragraphs 66 through 68; Paragraphs 71 through 73; Paragraphs 76 through 78; and Paragraphs 80 through 83.

3. The allegations in the following purport to characterize the Plaintiffs' case or are conclusions of law: Paragraph 1; the second and third sentence of Paragraph 2; Paragraphs 16 through 26; the second and third sentence of Paragraph 27; Paragraph 28; the second sentence of Paragraph 32; the fifth sentence of Paragraph 35; Paragraph 36; Paragraph 38; Paragraphs 40 and 41; the third and fourth sentence of Paragraph 43; the second sentence of Paragraph 44; Paragraph 45; the second through fourth sentences of Paragraph 46; the second and third sentences of Paragraph 47; the second and third sentences of Paragraph 48; Paragraph 57; Paragraph 61; Paragraph 65; Paragraph 70; and Paragraph 75. To the extent a response is required, Wyoming denies the allegations.

4. Wyoming is without knowledge or information sufficient to form a belief as to the truth of the allegations in the following: Paragraphs 9 through 11; the second sentence of Paragraph 13; the second and third sentence of Paragraph 29; Paragraph 30; and the fourth sentence of Paragraph 32. To the extent a response is required, Wyoming denies the allegations.

5. The allegations in the following purport to cite selective portions of scientific literature or agency documents, which when read in full, speaks for itself: Paragraph 33; the third and fourth sentences of Paragraph 35; the first and second sentences of Paragraph 37; the second and third sentences of Paragraph 39; and the second and third sentences of Paragraph 42. To the extent a response is required, Wyoming denies the allegations.

6. The allegations in the following purport to characterize uncited, unsubstantiated, or unverifiable literature, scientific conclusions, or facts: Paragraph 31; Paragraph 34; the first and second sentences of Paragraph 35; the third sentence of Paragraph 37; the first sentence of Paragraph 39; and the second sentence of Paragraph 43. To the extent a response is required, Wyoming denies the allegations.

7. The allegations in Paragraphs 56, 60, 64, 69, 74, and 79 incorporate by reference previously-stated allegations, therefore no response is required. To the extent that a response is required, Wyoming denies the allegations.

8. Wyoming denies each and every allegation in the complaint which has not been specifically admitted herein.

9. Wyoming denies that Plaintiffs are entitled to the relief requested. (ECF No. 1 at 25).

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs failed to exhaust administrative remedies.

3. Plaintiffs' claims are barred, in whole or in part, by application of res judicata and/or collateral estoppel.

4. This Court lacks subject matter jurisdiction to review some or all of Plaintiffs' claims.

5. The United States District Court for the District of Columbia is not an appropriate venue for reviewing the challenged federal leases because a substantial part of the events giving rise to Plaintiffs' complaint occurred within the jurisdiction of the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1391(e)(1). Additionally, all of the federal lands subject to Plaintiffs' complaint with respect to the challenged oil and gas leases are located within the United States District Court for the District of Wyoming.

6. The United States District Court for the District of Columbia is not a convenient venue for reviewing the challenged Wyoming federal oil and gas leases and this case should be transferred to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404.

7. Wyoming reserves the right to assert additional affirmative defenses that may be discovered after filing of this Answer.

WHEREFORE, the State of Wyoming requests that Plaintiffs' complaint be dismissed with prejudice, that it be awarded its costs incurred herein, and for such other and further relief as this Court deems just and proper.

DATED this 29th day of August, 2022.

/s/ Travis Jordan
Travis Jordan, WSB No. 7-5721
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Counsel for Proposed Intervenor-Defendant State of Wyoming*